## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLIAM KETCHUM,**

> **Plaintiff,**

**v.**                                        **Case No.:**

**BARQUIN CAPITAL CORP.**, **a**
**Florida Profit Corporation,**
**d/b/a "McDonald's of Belcher",**


> **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM KETCHUM ("Plaintiff" or "Mr. Ketchum"), hereby

sues Defendant, BARQUIN CAPITAL CORP., a Florida Profit Corporation d/b/a

"MCDONALD'S OF BELCHER" ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and equitable relief arising under the

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the

Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA").

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

and § 1367.

3.    This Court has personal jurisdiction over Defendant because it operates

and conducts business in Pinellas County, Florida.

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein occurred in Pinellas County, Florida.

5.      All conditions precedent to the institution of this action have been fulfilled, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

## PARTIES

6.      Plaintiff, Mr. Ketchum, is an individual who, at all times material, resided in Pinellas County, Florida.

7.      Defendant is a business entity that owns and operates a restaurant in Pinellas County, Florida and is an employer within the meaning of the ADA and the FCRA.

## FACTUAL ALLEGATIONS

8.      In or around 2026, Mr. Ketchum applied for a maintenance position with Defendant.

9.      After submitting an application, Mr. Ketchum was invited to interview for the position by Defendant.

10.     By all accounts, Mr. Ketchum's interview was successful, and he was

advised that he would be welcomed onto Defendant's team in a maintenance role capacity.

11.    After leaving the interview, Mr. Ketchum did not hear back from Defendant as he expected.

12.    Mr. Ketchum later inquired about the status of his employment opportunity.

13.    In response to the inquiry, Mr. Ketchum received a text message from one of Defendant's employees stating that Defendant's General Manager decided not to hire him after observing Mr. Ketchum stand from his chair following the interview and concluding, based solely on his appearance, that he was too obese and therefore incapable of performing the job.

14.    Defendant's decision not to hire Mr. Ketchum was based solely on a perceived physical impairment and/or perceived disability, obesity.

15.    Mr. Ketchum was qualified for the maintenance role and could perform its essential functions, with or without reasonable accommodation.

16.    Defendant regarded Mr. Ketchum as disabled and refused to hire him because of that perception.

17.    Mr. Ketchum has suffered damages including lost wages, lost employment opportunity, humiliation, and emotional distress.

## COUNT I - DISABILITY DISCRIMINATION / FAILURE TO HIRE
### IN VIOLATION OF 42 U.S.C. § 12112(a)

18.  Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19.  Defendant was and is an employer covered by the ADA.

20.  Plaintiff was a qualified applicant for the Maintenance position.

21.  Defendant refused to hire Plaintiff because it perceived him as having a physical impairment or disability. The impairment or disability was obesity.

22.  Defendant, through its agent, admitted that the decision not to move forward with Plaintiff was based on the General Manager concluding, based solely on Plaintiff's appearance, that he was obese and therefore incapable of performing the job.

23.  Defendant's refusal to hire Plaintiff was based on unlawful stereotypes and assumptions about Plaintiff's perceived physical condition, not on any legitimate, job-related qualification.

24.  Defendant's conduct constitutes discrimination on the basis of disability, including perceived disability discrimination, in violation of the ADA.

25.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including lost wages, lost employment opportunity, emotional distress, and other compensable harm.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff an award of back-pay, front-pay, compensatory

-4-

damages, and attorney's fees and costs.

B.      Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - DISABILITY DISCRIMINATION / FAILURE TO HIRE IN VIOLATION OF THE FCRA

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Defendant was and is an employer covered by the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.

28.     Plaintiff was a qualified applicant for the Maintenance position.

29.     Defendant refused to hire Plaintiff based on Plaintiff's actual or perceived handicap and/or perceived physical impairment. The impairment or handicap was obesity.

30.     Defendant, through its agent, regarded Plaintiff as obese and therefore incapable of performing the job, without any legitimate, individualized assessment of Plaintiff's ability to perform the essential functions of the position.

31.     Defendant's conduct constitutes unlawful discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.10.

32.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including lost wages, lost employment opportunity, emotional distress, and other compensable harm.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff an award of back-pay, front-pay, compensatory damages, and attorney's fees and costs.

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all claims so triable.

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**